No. 6156.

## J. W. WILLIAMS ALIAS BILL WELLS *v.* THE STATE.

EMBEZZLEMENT—FACT CASE.—See the statement of the case for the evidence *held* not only insufficient to support a conviction for embezzlement, but insufficient to establish any offense against the law of the State.

APPEAL from the District Court of McLennan. Tried below before the Hon. Eugene Williams.

The conviction was for the embezzlement of a mule, and the penalty assessed against the appellant was a term of five years in the penitentiary.

E. J. Ashburn was the first witness for the State. He testified that he knew the defendant, who was a citizen of Wharton county, Texas. Witness lived in McLennan county. Defendant was in McLennan county during the months of November and December, 1887, and proposed to buy two mules which the witness owned and wanted to sell. One of those mules was in McLennan and the other in Wharton county. Witness agreed to sell him the mules for one hundred and twenty-five dollars in cash or for one hundred and fifty-five dollars on time; he to execute his note with satisfactory security, and witness retaining a lien on the mules, payable October 1, 1888. Defendant told witness that he thought he could get his employer, Frank Mays, of Wharton county, to sign the note as surety. The witness sold him the mules, and delivered to him the mule in McLennan county, with the understanding that the title to the said mule was to remain in the witness, and that the defendant was not to remove the said mule from McLennan county until he had either paid for it, or delivered to the witness the secured note provided for. When this understanding was reached, Mr. Munroe, who had been attending to some business for defendant, was agreed upon to draw up the note, and send it to Mays for his signature. Witness told Munroe that he wanted the note so drawn as to completely secure him for the mules or the purchase money. The witness did not know whether or not Mays ever signed the note, but had been told that the note had been re-

turned from Wharton county in an envelope or letter addressed to defendant, but which was taken from the post office, through mistake, by another "J. W. Williams." The mule delivered by witness to defendant in McLennan county, was worth sixty dollars. Defendant told witness that if he would let him have the mule until he got ready to go to Wharton county, he would pasture the mule free of cost to witness, and that the mule should remain the property of the witness until it was paid for. Some time in December, 1887, subsequent to the twentieth, the defendant, contrary to his agreement, and without the knowledge or consent of the witness, left McLennan county, taking the mule with him, and went to Wharton county. Witness wrote to him several times but could not hear from him. In March, 1888, the grand jury found this indictment against the defendant, and the witness, as a special deputy sheriff, took the warrant to Wharton county, recovered and sold the mules, and arrested and brought defendant to McLennan county. Witness identified the following letter as one written by him to defendant:

WACO, TEXAS, Feb'y 2, 1888.

*J. W. Williams, Wharton:*

DEAR SIR—I received your letter in regard to the mules. I can not wait on you any longer, as you have not treated me like you should have done. If you want the matter stopped where it is at, either send me the money at once or have both mules shipped to me at once, and you pay half the expense, as you took one of them away from here. I don't want to put you to any trouble, but unless you come up as I ask I will have to, in self defense, as you have put yourself in a hole by doing as you have. But what I want is my mules or pay for them, and that at once.

Yours truly,

E. J. ASHBURN.

J. W. Williams testified, for the State, that he lived in McLennan county, Texas. Some time in December, 1887, the witness got an envelope from the postoffice addressed to J. W. Williams (his name), which contained a note payable to E. J. Ashburn. The name of the defendant, whom the witness knew, was signed to the said note. To the best of the witness's recollection, no letter accompanied the note. Witness showed that note to Mr. Henry Ashburn, the brother of the witness E. J. Ashburn. Wit-

ness did not remember whether or not Mr. Mays's name was signed to the note. The defendant afterwards came to witness and asked for the note, saying that he had heard witness had it; that he had been looking for and expecting it, and was glad it had come. The handwriting of the note resembled that of John L. Dyer. The following note was exhibited to witness, and identified by him as the one he referred to:

$155.00.                          WACO, TEXAS, Dec. 7, 1887.

On 1st Oct., 1887, we promise, or either of us, to pay E. J. Ashburn one hundred and fifty-five dollars, at Waco, Texas, with interest from maturity, at 12 per cent per annum until paid. And in case this note is not paid at maturity, or is placed in the hands of an attorney for collection, or is sued on, we agree to pay 10 per cent additional as attorney's fees. The above note is given as the purchase money for two mules—one a dark brown mare mule, about five years old, named Jude; and the other a dark brown mare mule, named Beck—sold to William Williams; and this note is secured by a lien on said mules, which this paper is evidence of.

his<br>
WILLIAM + WILLIAMS.<br>
mark.

Witness to William Williams:
 RICH'D I. MUNROE,
      his
 D. M. + MILLER.
      mark.

Henry Ashburn testified, for the State, that Mr. J. W. Williams showed him the above note, and told him that he got it with other mail matter from the Waco postoffice. Witness knew when defendant went to Wharton county from Waco in December, 1887, and at all times, from then until defendant's arrest, knew where the defendant was. Defendant's relatives and friends in McLennan county carried on with defendant a regular correspondence after he went to Wharton county, and made no apparent effort to keep that fact secret. It was generally known in McLennan county that defendant went to Wharton county in December, 1887, and was there until arrested.

The State closed.

Richard I. Munroe testified, for the defense, that he was an

attorney at law, and had, at different times, transacted business for both Mr. E. J. Ashburn and the defendant. In November, 1887, the sale of two mules by Ashburn to defendant was negotiated. Ashburn wanted one hundred and twenty-five dollars in cash or one hundred and fifty-five dollars on time for the mules. He wanted the note signed by Frank B. Mays, of Wharton county, as surety for defendant, and directed the witness to so draw the note as to make him absolutely secure in a lien on the mules, and to send the note to Mays for his signature. Witness drew up the note in evidence, and, having been informed that Mays would sign it, sent it to him in Wharton county, on December 7, 1887. Witness afterward received the following letter:

"WHARTON, TEXAS, Dec. 9, 1887.
"*Rich'd I. Munroe, Waco, Texas:*
"Enclose please find check for fifty dollars to pay Tom's lawyer fee, which you will please give him, receipt and send it to me by return mail. You can say to Jim Williams that the mules are too much, and if he wants to buy a pair of mules, that I advise him to buy here, where he can get as good mules for fifty dollars less Besides, these mules are not worth the money that Mr. Ashburn asks for them. Also say to him his wife says to come home as soon as possible, and when he comes I will talk to him in regard to the mules. Yours truly,
"FRANK B. MAYS."

Witness read that letter to defendant, and either showed it to Mr. E. J. Ashburn or informed him of its contents. By request of Mr. Ashburn, witness wrote to defendant shortly after he returned to Wharton county, and received the following reply:

"THE STATE OF TEXAS, COUNTY OF WHARTON, Feb'y 7, '88.
"*Mr. Munroe:*
"DEAR SIR: I want you to attent that case in the gustice court on the 13th. The weather has been so bad I aint Bin to Wharton But twice since I Bin home. that is the reason I aint sent those deeds Before now. Tell Mr. E. J. Ashburn the reason I aint sent him the note for them mules I was expecting to gin my cotton and pay him the money. I gust commence ginning my cotton the 6th February. I will send him the note or the money one soon tell him. Rite back to me soon
"J W WILLIAMS"

Witness reported the contents of that letter to Mr. Ashburn, and Ashburn said, in reply, that he wanted the money for the mules. The witness hearing it claimed that Mays signed the the note, wrote to Mays to ascertain if such was a fact, and received the following reply:

"WHARTON, TEXAS, April 27, 1888."

*"Mr. Richard I. Munroe, Waco:*

"DEAR SIR—Yours of 8th just to hand, and contents noted. The note you have reference to was sent to me, but I did not sign it. I returned it to Bill, I think—either to Ashburn or Bill one—but didn't sign it. Am sorry your letter was delayed. My postoffice is at Hungerford, Texas—Wharton county. Did you get the money for Willis Parker? Let me hear from you at once. Yours truly,          FRANK B. MAYS."

The defense then read in evidence the following letter from Mr. Frank B. Mays to the defendant:

"WHARTON, Nov. 27, 1887."

*"Jim Williams:*

"Yours to hand. Was glad to hear from you. I will go on your note for the mules, and have also written to Mr. Ashburn in regard to them. I will pay Tom's lawyer fee, but I dont intend to pay him until Mr. Munroe does the work. Your wife was up yesterday and said everything was lovely. Yours truly,
          "FRANK B. MAYS."

"P. S. You can say to Mr. Munroe that I will have plenty to pay him."

Continuing, this witness said that he and Mr. Ashburn both knew where defendant went in December, 1887, and knew where he was from that time until his arrest. It was generally known by those who knew defendant, that he was in Wharton county.

*Richard I. Munroe,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE.    There are two counts in the indictment; the first charging the theft of a mule, the property of E. J. Ash-

burn, and the second, embezzlement of the same mule. The conviction is upon the second count.

The facts are, in substance, as follows: Ashburn owned two mules, one of which was in McLennan county and the other in Wharton county. Ashburn lived in the former and defendant in the latter county. Defendant, being in the former county, bought the two mules of Ashburn, agreeing to pay therefor ⌐ne hundred and fifty-five dollars, payable October 1, 1888, and to give him his note with security for said amount, and was not to remove the mule in McLennan county from said county until he had paid therefor, or had given said note with security. Said mule, however, was delivered to him, and he did remove it to his home in Wharton county without paying for it or without giving said note with security. Ashburn was well acquainted with defendant, knew where he lived and knew he had removed said mule to Wharton county, and took no legal steps to assert his rights in the premises for several months after said removal, when he instituted this prosecution, and had the defendant arrested, and, at the same time, he took possession of the said mules and sold them in Wharton county.

In our judgment, these facts do not constitute either theft or embezzlement, or any other offense against the Penal Code of this State. They show simply a breach of contract on the part of defendant, for which Ashburn had his civil remedy. Instead of showing that the defendant was actuated by a fraudulent intent in the transaction, the evidence shows that no such intent existed in his mind. He violated the contract in removing the mule from McLennan county, but it is very clear that by this act he did not intend to fraudulently convert said mule to his own use, or to depriv Ashburn of its value. His correspondence with Ashburn, and other circumstances in evidence, show that his intention in relation to the mules was not fraudulent, but that he intended and expected to pay Ashburn therefor before the payment under the contract was due; and doubtless would have done so if he had not been prevented by the acts of Ashburn.

Because, in our opinion, the evidence fails to show that any offense against the law has been committed by the defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*